IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| KEVINEE M. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-2915-STA-egb |
| | ) | |
| SHELBY COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE**

On November 21, 2016, Plaintiff Kevinee M. Brown , who at the time of filing was a pre-trial detainee at the Shelby County Criminal Justice Complex in Memphis, Tennessee, filed *pro se* a Complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. The Court granted Brown leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). The Clerk shall record the Defendant in this case as Shelby County.[1]

## BACKGROUND

Brown alleges that he suffers severe mental injuries because of excessive and prolonged solitary confinement at the Shelby County Jail. (Compl. at 2, ECF No. 1.) Brown contends that after four months in isolation, he has become very impulsive and suffers from a lack of self-control. (*Id.*) Brown has not spoken to his family, has had no outside recreation, has been

---

[1] Brown's Complaint actually names the Shelby County Jail as the Defendant. The Court construes Brown's claim against the jail as a claim against Shelby County itself.

required to stay in lockdown on many occasions for over thirty hours, and has been living in poor sanitary conditions. (*Id.*) Brown seeks financial compensation for his injuries. (*Id.* at 3.)

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the Federal Rule of Civil Procedure 12(b)(6) pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the Complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Ultimately, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) nevertheless requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v.*

2

*Brown*, 891 F.2d 591, 594 (6th Cir. 1989). And district courts are not required "to ferret out the strongest cause of action on behalf of pro se litigants." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). In the final analysis, a court "cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011).

## ANALYSIS

Brown alleges the violation of his constitutional rights under 42 U.S.C. § 1983. Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Brown has named Shelby County as the only Defendant in this action. When a § 1983 claim is made against a municipality or other local government, the Court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court construes Brown's Complaint to allege that Shelby County and its jail officials improperly confined Brown in isolation for an extended period of time. Even accepting Brown's allegations as true, the Complaint fails to allege any facts to show why Shelby County is responsible for a purported violation of Brown's constitutional rights. The

3

fact that Shelby County employs the officials responsible for the administration of the jail is not enough. A local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Brown has failed to allege the existence of any county policy or custom. Civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993). Still, in order "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). At the very least, a complaint must satisfy Rule 8(a)'s notice pleading requirements and give a municipality notice of the plaintiff's theory of liability. *E.g., Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004). Brown's Complaint fails to identify an official policy or custom which caused his alleged injury. Instead, it appears Brown is suing Shelby County because he is

confined in a county institution, and Shelby County employs persons who allegedly violated his rights. These allegations fail to state a claim for municipal liability against Shelby County. Therefore, Brown's *pro se* Complaint is **DISMISSED**.

In the alternative, Brown's Complaint is subject to dismissal under 42 U.S.C. § 1997e(e). That section provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Brown's allegations of mental injury, troubling as they seem to be, are not actionable under federal law. Therefore, Brown's claim against Shelby County is **DISMISSED**.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court has no reason to conclude that an amendment would save Brown's futile claims against Shelby County. As such, leave to amend must be **DENIED**.

## CONCLUSION

The Court **DISMISSES** Brown's Complaint for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is **DENIED**.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Brown in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on a defendant but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead

the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.  Therefore, it is **CERTIFIED**, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Brown would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Brown nevertheless appeals the dismissal of his case.  A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951.  *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b).  Therefore, Brown is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For purposes of 28 U.S.C. § 1915(g), this is the first dismissal of one of Brown's cases as frivolous or for failure to state a claim.  This "strike" shall take effect when judgment is entered.  *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).  The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  August 27, 2018.